Case 2:22-cr-00499-CJC Document 1 Filed 10/28/22 Page 1 of 12 Page ID #:1

FILED
CLERK, U.S. DISTRICT COURT
10/28/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ____EC____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TYLA BROOKE SORRENTINO,<br><br>　　　　Defendant. | CR 2:22-cr-00499-CJC<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1029(a)(4): Possession of Device-Making Equipment; 18 U.S.C. § 472: Possession of Counterfeit Currency; 18 U.S.C. § 1708: Possession of Stolen Mail; 18 U.S.C. §§ 981, 982, 492, and 1029, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
|---|---|

The Grand Jury charges:

## COUNT ONE

[18 U.S.C. § 1029(a)(3)]

On or about October 15, 2020, in Los Angeles County, within the Central District of California, defendant TYLA BROOKE SORRENTINO, knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States

1  Code, Sections 1029(e)(1) and (3)), namely, approximately 1,916
2  social security numbers and 22 debit and credit cards, all belonging
3  to persons other than defendant SORRENTINO, with said possession
4  affecting interstate and foreign commerce.

COUNT TWO

[18 U.S.C. § 1028A(a)(1)]

On or about October 15, 2020, in Los Angeles County, within the Central District of California, defendant TYLA BROOKE SORRENTINO knowingly possessed, without lawful authority, means of identification that defendant SORRENTINO knew belonged to another person, namely, the name, address, and driver's license number of victim K.H., during and in relation to the offense of Possession of Fifteen or More Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in Count One of this Indictment.

COUNT THREE

[18 U.S.C. § 1029(a)(4)]

On or about October 15, 2020, in Los Angeles County, within the Central District of California, defendant TYLA BROOKE SORRENTINO, knowingly and with intent to defraud, had control and custody of, and possessed, device-making equipment (as defined in Title 18, United States Code, Section 1029(e)(6)), namely, an MSR X6 (BT) Hi-co&Lo-co credit card reader/writer, with said control, custody, and possession affecting interstate commerce.

COUNT FOUR

[18 U.S.C. § 472]

On or about October 15, 2020, in Los Angeles County, within the Central District of California, defendant TYLA BROOKE SORRENTINO, acting with intent to defraud, possessed counterfeit obligations and securities of the United States, namely, approximately $500 in counterfeit Federal Reserve Notes in denominations of $100, knowing that the notes were falsely made, forged, counterfeited, and altered.

COUNT FIVE

[18 U.S.C. § 1708]

On or about October 15, 2020, in Los Angeles County, within the Central District of California, defendant TYLA BROOKE SORRENTINO possessed mail and mail matter that had been stolen and taken from the United States mail, namely, approximately three pieces of mail and mail matter addressed to various individuals within Los Angeles County, and elsewhere, and at that time and place, defendant SORRENTINO knew that said mail and mail matter were stolen.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 982 and 1029]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of the defendant's conviction of the offense set forth in any of Counts One through Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

(b) Any personal property used or intended to be used to commit the offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 492 and 982 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 492 and 982 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

(b) All right, title, and interest in any and all counterfeits, articles, devices, and other things made, possessed, or used in any such offense, or any material or apparatus used or fitted or intended to be used in the making of such counterfeits, articles, devices, or things; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in

the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

|     |     |
| --- | --- |
| 1   | FORFEITURE ALLEGATION THREE |
| 2   | [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)] |
| 3   | 1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal |
| 4   | Procedure, notice is hereby given that the United States of America |
| 5   | will seek forfeiture as part of any sentence, pursuant to Title 18, |
| 6   | United States Code, Section 981(a)(1)(C) and Title 28, United States |
| 7   | Code, Section 2461(c), in the event of the defendant's conviction of |
| 8   | the offense set forth in any Count Five of this Indictment. |
| 9   | 2.   The defendant, if so convicted, shall forfeit to the United |
| 10  | States of America the following: |
| 11  | (a)   All right, title, and interest in any and all |
| 12  | property, real or personal, constituting, or derived from, any |
| 13  | proceeds traceable to the offenses; and |
| 14  | (b)   To the extent such property is not available for |
| 15  | forfeiture, a sum of money equal to the total value of the property |
| 16  | described in subparagraph (a). |
| 17  | 3.   Pursuant to Title 21, United States Code, Section 853(p), |
| 18  | as incorporated by Title 28, United States Code, Section 2461(c), the |
| 19  | defendant, if so convicted, shall forfeit substitute property, up to |
| 20  | the value of the property described in the preceding paragraph if, as |
| 21  | the result of any act or omission of the defendant, the property |
| 22  | described in the preceding paragraph or any portion thereof (a) |
| 23  | cannot be located upon the exercise of due diligence; (b) has been |
| 24  | transferred, sold to, or deposited with a third party; (c) has been |
| 25  | placed beyond the jurisdiction of the court; (d) has been |
| 26  | // |
| 27  | // |
| 28  |     |

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                A TRUE BILL

                                  /S/
                                Foreperson

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

DAVID T. RYAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

MARIA JHAI
Assistant United States Attorney
Terrorism and Export Crimes Section